UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DALE WALLACE, | Case No. 17-cv-04306-WHO (PR) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| JEFF ROSEN, District Attorney, | |
| Respondent. | |

## INTRODUCTION

Petitioner Roger Dale Wallace, a Louisiana state prisoner, asks to be brought to California to stand trial on pending charges in Santa Clara County, or have those charges dismissed. The petition for such federal habeas relief under 28 U.S.C. § 2241 warrants a response. Accordingly, on or before **April 23, 2018**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

If the detainer is no longer operative, or if the district attorney of Santa Clara is not the appropriate respondent, the Court is willing to entertain motions based on such grounds.

## BACKGROUND

According to the petition, Wallace is incarcerated in Louisiana following convictions for committing various drug offenses in violation of Louisiana state law. He alleges that he is also being held pursuant to a detainer filed by the State of California, where he is to face criminal charges. Through the current petition, he seeks to hasten his California criminal proceedings.

**STANDARD OF REVIEW**

Wallace seeks relief under 28 U.S.C. § 2241. Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A state prisoner may use section 2241 to challenge criminal charges that are pending against him in a state when he is imprisoned in another. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

The Court notes that Wallace cannot obtain relief under the statute that is more often used in these situations, the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2. Louisiana is not a signatory to that agreement.

**DISCUSSION**

Wallace's petition warrants a response. The district attorney of Santa Clara County is the sole respondent in this action. The others Wallace names as respondents (James LeBlanc, Secretary of the Louisiana Department of Corrections; the Louisiana Department of Corrections; and the Attorney General of California) are DISMISSED from this action. The Court lacks jurisdiction over LeBlanc and the Louisiana Department of Corrections. Also, it is not clear that they, or the California Attorney General, are proper respondents. Once the Court knows more about the nature and validity of the detainer, other respondents may be served as appropriate.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **April 23, 2018**, respondent shall file with the Court and serve on petitioner, an answer showing cause why a writ of habeas corpus should not be granted based on the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **April 23, 2018**, a motion to dismiss on procedural grounds. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Wallace's motion to supplement the record (Dkt. No. 12) is GRANTED.

9. The Clerk shall terminate Dkt. No. 12.

10. The Clerk shall TERMINATE (i) James LeBlanc, (ii) the Louisiana Department of Corrections, and (iii) the Attorney General of California as respondents in this action. The Clerk shall modify the docket to reflect that the district attorney of Santa Clara County is the sole respondent in this action.

11. The filing fee has been paid.

   **IT IS SO ORDERED.**

**Dated:** February 21, 2018

WILLIAM H. ORRICK
United States District Judge